UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN E. MARION,

               Plaintiff,

     v.

NANCY A. BERRYHILL,[1]

               Defendant.

CASE NO. C16-5765JLR

ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

## I.    INTRODUCTION

Plaintiff Ryan E. Marion seeks review of the denial of his application for disability insurance benefits. Mr. Marion contends that the Administrative Law Judge ("ALJ") erred in evaluating the medical evidence in the record, evaluating the disability finding by the Department of Veterans Affairs ("VA"), evaluating Mr. Marion's testimony, assessing his residual functional capacity ("RFC"), and finding him capable of performing work available in the national economy. (Op. Br. (Dkt. # 9) at 1.) Having considered the submissions of the parties, the relevant portions of the record, and the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant in this suit. The court DIRECTS the Clerk to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

applicable law, the court REVERSES Defendant Commissioner Nancy A. Berryhill's ("the Commissioner") final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

On May 5, 2015, Mr. Marion filed an application for disability insurance benefits. (Administrative Record ("AR") (Dkt. # 6) at 17.) Mr. Marion's application was denied initially and on reconsideration. (*Id.*) After the ALJ conducted a hearing on April 29, 2016, the ALJ issued a decision finding Mr. Marion not disabled. (*Id.* at 17-28.)

In her decision, the ALJ utilized the five-step disability evaluation process,[2] and the court summarizes the ALJ's findings as follows:

> **Step one**: Mr. Marion has not engaged in substantial gainful activity since March 4, 2015, the alleged onset date.
>
> **Step two**: Mr. Marion has the following severe impairments: posttraumatic stress disorder ("PTSD"), major depressive disorder, headaches, and labrum tears.
>
> **Step three**: Mr. Marion does not have an impairment or combination of impairments that meets or equals the requirements of a listed impairment.[3]
>
> **RFC**: Mr. Marion has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but cannot climb ladders, ropes, or scaffolds. He needs to avoid concentrated exposure to vibration and hazards such as working near dangerous moving machinery or working at unprotected heights. He can perform simple and detailed tasks but might have difficulty performing more complex tasks consistently. He can have superficial contact with members of the public and coworkers, can interact with them briefly, and can work around them. He can adapt to occasional changes in the work setting.

---

[2] 20 C.F.R. § 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

**Step four**: Mr. Marion is unable to perform any past relevant work.

**Step five**: Because jobs exist in significant numbers in the national economy that Mr. Marion can perform, he is not disabled.

(*See id*. at 17-28.) The Appeals Council denied Mr. Marion's request for review, making the ALJ's decision the Commissioner's final decision.[4] (*See id*. at 1-6.)

## III.   ANALYSIS

Pursuant to 42 U.S.C. § 405(g), the court must set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

### A.   Evaluation of the Medical Evidence

Mr. Marion argues that the ALJ erred by failing to fully incorporate or give specific and legitimate reasons supported by substantial evidence to discount the opinion of examining psychologist Keri Tarantino, Psy.D. (*See* Op. Br. at 3-7.) The court agrees.

Where the medical evidence in the record is not conclusive, resolving questions of credibility and conflicts in the evidence is solely the responsibility of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The

---

[4] The court omits the rest of the procedural history in this matter because it is not relevant to the outcome of the case.

ORDER - 3

ALJ can satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ may also draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

Here, Dr. Tarantino examined Mr. Marion in November 2015 and opined that he was moderately impaired in his ability to interact with coworkers and the public and to maintain regular attendance in the workplace, moderately to markedly impaired in his ability to complete a normal workday or workweek without interruptions from his psychological impairments, and markedly impaired in his ability to deal with typical workplace stress if the work involved being around others. (*See* AR at 1273.) The ALJ gave Dr. Tarantino's opinion some weight. (*See id*. at 25.) The ALJ found that the identified difficulties interacting with others and completing a workday without interruptions were supported by the medical treatment records. (*See id*.) However, the ALJ found that the marked impairment in handling stress if the work involved being

ORDER - 4

around others was not supported by the treatment records or Mr. Marion's activities. (*See id.*)

An ALJ may reject a physician's opinion on the basis that other evidence of the claimant's ability to function, including reported activities, contradicts that opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). Here, during the period at issue, Mr. Marion was able to go to baseball games, take college classes, go on dates, and visit museums and water parks with his son. (*See* AR at 38-39, 57-58.) He reported no difficulty getting along with friends, family, neighbors, coworkers, or authority figures. (*See id.* at 205-06.) Therefore, substantial evidence supports the ALJ's finding that Mr. Marion's activities contradicted Dr. Tarantino's opinion that Mr. Marion was markedly impaired in his ability to work around others.

However, Mr. Marion also argues that the ALJ did not fully incorporate into the RFC the limitations that the ALJ found were supported by the record—that Mr. Marion was moderately impaired in his ability to interact with coworkers and the public and to maintain regular attendance in the workplace and moderately to markedly impaired in his ability to complete a normal workday or workweek without interruptions from his psychological impairments. (*See* Op. Br. at 4.) The Commissioner argues that the ALJ reasonably translated those limitations into an RFC limiting Mr. Marion to simple tasks, superficial contact with others, and only occasional changes in the workplace. (*See* Resp. Br. (Dkt. # 10) at 5-7.) However, the ALJ did not address absenteeism in the RFC. (*See* AR at 21-22.) Also, the ALJ did not incorporate into the RFC any allowances for being

ORDER - 5

off-task.  (*See id.*)  This omission constitutes a failure to address Mr. Marion's moderate to marked limitation in completing a workday or workweek without interruptions from psychological symptoms.  Therefore, the ALJ erred by failing to fully incorporate or give reasons to discount part of Dr. Tarantino's opinion into the RFC.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r*, *Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)).  "[I]n each case we look at the record as a whole to determine [if] the error alters the outcome of the case."  *Id*.  Therefore, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'"  *Id*. (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).  Here, because the ALJ improperly discounted Dr. Tarantino's opinion in assessing the RFC and found Mr. Marion capable of performing work based on that RFC, the error affected the ultimate disability determination and is not harmless.

### B. Evaluation of the VA Determination

Mr. Marion argues that the ALJ erred by failing to provide a persuasive, specific, and valid reason for discounting the VA disability determination in the record.  (*See* Op. Br. at 7-9.)  The court finds no harmful error.

Although a determination by the VA about whether a claimant is disabled is not binding on the Social Security Administration ("SSA"), an ALJ must consider that determination in reaching her decision.  *See McCartey v. Massanari*, 298 F.3d 1072,

ORDER - 6

1076 (9th Cir. 2002); 20 C.F.R. § 404.1504. Further, the ALJ "must ordinarily give great weight to a VA determination of disability" because of "the marked similarity" between the two federal disability programs. *See McCartey*, 298 F.3d at 1076. However, "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if [she] gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id*. (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)).

Here, the ALJ gave the VA determination only limited weight because, among other reasons, the VA determination was inconsistent with medical records showing that the relevant impairments in the VA determination were well-controlled with treatment. (*See* AR at 25-26.) Although Mr. Marion argues that the ALJ's other reasons for discounting the VA determination were not persuasive, he fails to address this rationale. (*See* Op. Br. at 7-9); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (holding that matters on appeal not specifically and distinctly argued in opening brief ordinarily will not be considered). Therefore, Mr. Marion fails to meet his burden of proving harmful error here.

### C. Evaluation of Mr. Marion's Testimony

Mr. Marion argues that the ALJ erred in evaluating his subjective complaints. (*See* Op. Br. at 9-11.) The court disagrees.

Questions of credibility are solely the responsibility of the ALJ. *See Sample*, 694 F.2d at 642. The court may not second-guess these credibility determinations. *Allen v.*

ORDER - 7

*Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (internal citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

Mr. Marion argues that the ALJ did not provide specific reasons for rejecting his testimony. (*See* Op. Br. at 10.) However, the ALJ found that although Mr. Marion's impairments could be expected to cause some of his alleged symptoms, Mr. Marion's statements concerning the intensity and limiting effects of those symptoms were (1) inconsistent with the medical treatment record and Mr. Marion's activities, and (2) well-controlled with treatment. (*See* AR at 23-24.) By failing to address why these reasons were not sufficient, Mr. Marion does not meet his burden of showing harmful error. *See Kim*, 154 F.3d at 1000.

**D.     The RFC Assessment and Step-Five Finding**

Mr. Marion next argues that, for reasons beyond those listed above, the RFC and step-five finding are not supported by substantial evidence.[5] (*See* Op. Br. at 12-15.)

---

[5] Mr. Marion argues in this section that the ALJ erred by failing to address his migraines in the RFC. (*See* Op. Br. at 12-13.) However, Mr. Marion's argument regarding migraines relies on the ALJ's purported errors in evaluating the VA determination and Mr. Marion's testimony. (*See id.*) As described above, Mr. Marion does not show harmful error in the ALJ's evaluation of the VA determination or Mr. Marion's testimony. *See supra* § III.B., C. The court accordingly rejects Mr. Marion's argument regarding migraines.

ORDER - 8

First, Mr. Marion argues that the ALJ failed to account for his sleep apnea, which was not determined to be a severe impairment, in the RFC. (*See id.* at 12.) An ALJ must consider all medically determinable impairments, not just those determined to be severe, when assessing a claimant's RFC. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *2. However, Mr. Marion fails to establish that the ALJ's error was harmful because he identifies no specific functional limitations resulting from his sleep apnea that are missing from the RFC. (*See id.*) *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Molina*, 674 F.3d at 1115.

Next, Mr. Marion argues that the ALJ failed to address the frequency of necessary medical appointments in the RFC. (*See* Op. Br. at 13.) However, Mr. Marion does not show why these appointments would have to occur during work hours and therefore require an accommodation for absenteeism in the RFC on the basis of the frequency of his appointments alone.

Finally, Mr. Marion argues that the ALJ failed to address Mr. Marion's need for a service animal in the RFC. (*See id*. at 14-15.) However, Mr. Marion provides no evidence that the service animal was medically necessary other than his own testimony, which the ALJ properly discounted. *See supra* § III.C.

The court finds that the RFC and step-five finding are not supported by substantial evidence due to the ALJ's error in evaluating Dr. Tarantino's opinion. *See supra* § III.A.

### E.     Remand for Further Proceedings

The court may remand this case "either for additional evidence and findings or to

award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy" that "remand for an immediate award of benefits is appropriate." *Id*.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *McCartey*, 298 F.3d at 1076-77. Here, factual issues remain regarding Mr. Marion's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy in light of any additional limitations. Accordingly, the court concludes that remand for further consideration is warranted.

## IV.   CONCLUSION

For the foregoing reasons, the court REVERSES the Commissioner's final

ORDER - 10

decision and REMANDS this case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 2nd day of March, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 11